# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO. 3:09-cr-00044-R

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

**v.**

**MICHAEL EDWARD LANGFORD**                                       **DEFENDANT**

## OPINION & ORDER

This matter comes before the Court upon Defendant's Motion to Dismiss the Case for Violation of Due Process and/or Motion to Suppress Confessions, Admissions and Statements and Other Evidence (DN 33). The United States has responded (DN 34). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is DENIED.

On March 4, 2008, Defendant Michael Edward Langford initiated contact with a law enforcement officer posing as an young girl, Amber, on the website LouisvilleMojo.com ("Mojo"). Mojo participants are required by the website to be over eighteen years of age. After briefly interacting on Mojo, Amber suggested the two continue chatting using Yahoo! Instant Messenger ("Yahoo!"). The conversation on Yahoo! began as follows:

> Lanford:     hey baby how are you?? its pokerpimp from mojo
> Amber:     hi!
> Amber:     how old r u?
> Langford:     26 you
> Amber:     14
> Langford:     what????? why are you on mojo then??
> Amber:     chattin
> Langford:     its against the rules
> Amber:     im a rule breaker! LOL

In addition to this chat on March 24, Langford and Amber chatted on Yahoo! on several different occasions in 2008 and 2009. Ultimately, on February 18, 2009, Langford arranged to meet Amber at a local park to engage in oral sex. Law enforcement arrested Langford based on the

description of himself and his car that he had given Amber. After waiving his constitutional rights, Langford acknowledged that he was the person who communicated with Amber, confirmed the transcripts were accurate, and admitted that he had traveled to the park to engage in oral sex with an individual he believed to be a fourteen-year-old girl. He was later indicted on one count of online enticement of a minor for sexual activity, in violation of 18 U.S.C. § 2422(b).

The law enforcement officer posing as Amber did not record the brief interaction on Mojo but did capture all of the chats on Yahoo! The Yahoo! chats were attached as an exhibit to the Affidavit in support of the Criminal Complaint. Langford now contends that law enforcement attempted to mislead the Court because the Criminal Complaint did not state that Langford and Amber's communication began on Mojo, and because the Mojo chat was not preserved as evidence. Langford argues that the "destruction" of the Mojo chat violates his Due Process rights and "taints any further evidence which stems from the fruit of this poisonous tree."

First, the Court does not find the Criminal Complaint misleading. Each and every fact which relates to an investigation or which contributes to the Affiant's conclusion that an individual committed the crime charged does not need to be included in a complaint. *United States v. Fachini*, 466 F.2d 53, 56 (6th Cir. 1972) (quoting *Jaben v. United States*, 381 U.S. 214, 224-25 (1967)). A complaint is only required to include facts which in sum establish probable cause. *United States v. Calandrella*, 605 F.2d 236, 245 (6th Cir. 1976). Moreover, the attached Yahoo! chats clearly indicated that the two had met on Mojo.

Second, the Court finds that the United States did not violate Langford's Due Process rights by not capturing the initial Mojo discussion between Langford and Amber. The United

States explains that the Mojo discussion was impossible to maintain in its original form for technical reasons.  Evidence of the Mojo conversation was not destroyed by the Government, it was never captured.  The Government cannot violate its duty to disclose exculpatory evidence if there is no evidence to disclose.  Furthermore, the Yahoo! chats reference Mojo and make clear that Langford and Amber initially interacted on Mojo, a site that requires its participants to be over eighteen years of age.

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion (DN 33) is DENIED.