# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO. 3:09-CR-00044

UNITED STATES OF AMERICA                          PLAINTIFF

v.

MICHAEL EDWARD LANGFORD                          DEFENDANT

## OPINION & ORDER

This matter comes before the Court upon Defendant's Motion to Dismiss Indictment or Delete Minimum Mandatory (DN 40). Plaintiff responded (DN 43), and the time for filing a reply has expired. This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is DENIED.

Defendant Michael Edward Langford is charged with online enticement of a minor for sexual activity, in violation of 18 U.S.C. § 2422(b). If convicted, Langford will be subject to a minimum mandatory penalty of ten years in prison and a maximum penalty of life.

The alleged factual basis for the charge against Langford may be summarized as follows. On March 4, 2008, Langford initiated contact with a law enforcement officer posing as an young girl, Amber, on the website LouisvilleMojo.com ("Mojo"). After briefly interacting on Mojo, Amber suggested the two continue chatting using Yahoo! Instant Messenger ("Yahoo!"). Langford and Amber chatted on Yahoo! on several different occasions in 2008 and 2009. Ultimately, on February 18, 2009, Langford arranged to meet Amber at a local park to engage in oral sex. Law enforcement arrested Langford based on the description of himself and his car that he had given Amber. After waiving his constitutional rights, Langford acknowledged that he was the person who communicated with Amber, confirmed the transcripts were accurate, and admitted that he had traveled to the park to engage in oral sex with an individual he believed to

be a fourteen-year-old girl.

Langford points to two other individuals who engaged in similar conduct but were charged under 18 U.S.C. § 2423(b), which punishes those who travel across state lines for the purpose of engaging in illicit sexual conduct and imposes a maximum thirty year sentence of imprisonment. He argues that subjecting him to a ten year mandatory minimum sentence for the same conduct as others who did not face a mandatory minimum is a violation of Due Process, the Eighth Amendment's prohibition on cruel and unusual punishment, and the Equal Protection clause.

"Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124 (1979). Here, Langford could not have been charged under § 2423(b) because he traveled solely within Kentucky. He thus was not similarly situated to the individuals he identifies as having engaged in similar conduct but being subject to a lesser penalty. In short, Langford's arguments do not support a violation of Due Process or the Eighth Amendment. Nor do they support a violation of the Equal Protection clause. For all these reasons, the Court finds that there was no selective prosecution and that prosecuting Langford under § 2422(b) does not create a constitutional violation.

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Indictment or Delete Minimum Mandatory (DN 40) is DENIED.